Constance THOMAS/El Paso County Community College District, Appellant/Cross–Appellee,

v.

EL PASO COUNTY COMMUNITY COLLEGE DISTRICT/Constance Thomas, Appellee/Cross Appellant.

No. 08–00–00266–CV.

Court of Appeals of Texas, El Paso.

July 19, 2001.

Glen Sutherland, El Paso, for appellant/cross-appellee.

Albert Armendariz, Jr., Edward Dunbar, Dunbar, Armendariz, Crowley & Hegeman, L.L.P., El Paso, for appellee/cross-appellant.

Before BARAJAS, C.J., LARSEN, and CHEW, JJ.

## OPINION

CHEW, Justice.

Appellant/Cross–Appellee Constance Thomas ("Thomas") appeals from the trial court's granting of summary judgment for Appellee/Cross–Appellant El Paso County Community College District ("EPCCC"). EPCCC cross-appeals the trial court's granting of partial summary judgment for Thomas. On appeal, Thomas raises two issues and EPCCC raises four issues. We combine the issues as follows:

(1) The trial court erred in granting summary judgment for Thomas on the issue of breach of contract;

(2) The trial court erred in denying summary judgment to EPCCC on the issue of declaratory judgment to find that the disclosure of the settlement agreement was mandatory; and

(3) The trial court erred in granting summary judgment against Thomas on the recovery of damages.

We affirm part of the trial court's judgment and reverse and render in part.

Thomas was an EPCCC student and participated in a part-time work-study program from 1993 to 1998. In 1996, Thomas brought suit against EPCCC in a federal district court, and the suit was settled before going to trial. The settlement agreement contained a confidentiality clause.

In September 1998, David Crowder, a reporter at El Paso Times, sought from EPCCC disclosure of the settlement agreement. Thomas refused to allow the agreement to be disclosed and demanded that EPCCC seek an opinion from the attorney general, which the college did.

The attorney general's opinion, OR98–3039, stated that EPCCC was compelled to disclose the settlement agreement under TEX.GOV'T CODE ANN. § 552 and did not meet any exceptions under the act, including TEX.GOV'T CODE ANN. § 552.107(2), which prevents disclosure if a court order makes the terms of the settlement confidential. In accordance with the attorney general's opinion, EPCCC disclosed the settlement agreement to the El Paso Times. On December 19, 1998, an article appeared in the El Paso Times detailing the amount of the settlement between Thomas and EPCCC.

In March 1999, Thomas made a demand for damages resulting from EPCCC's breach of the settlement agreement and a false statement made to the El Paso Times alleging that Thomas and not EPCCC wanted the settlement terms kept confidential. In response, EPCCC filed a motion for declaratory judgment on the issue of whether EPCCC breached the settlement agreement terms when the disclosure of the terms was compelled as a matter of law. Thomas filed a general denial and filed a cross-action for breach of contract.

In December 1999, Thomas filed a motion for partial summary judgment on the issue of breach of contract and also claimed damages for libel and slander. EPCCC filed an objection to Thomas's supporting affidavit and also filed a motion for summary judgment on the basis that (1) it had been compelled to disclose the settlement agreement; and (2) that it had not committed breach of contract since the law had compelled disclosure of the settlement agreement.

On April 4, 2000, the trial court rendered judgment on the motions for summary judgment as follows:

(1) EPCCC's objection to Thomas's affidavit was denied;

(2) Partial summary judgment was granted for Thomas on breach of contract;

(3) Summary judgment was denied on declaratory relief for EPCCC on the mandatory disclosure of the settlement agreement;

(4) Summary judgment was granted for EPCCC on no evidence of damage to Thomas.

Thomas appeals the summary judgment on damages, and EPCCC appeals the summary judgment finding it had breached the contract and denying declaratory judg-ment that it had been compelled to disclose the settlement agreement.

■■■ Unlike other final judgments reviewed on appeal, we do not review the summary judgment evidence in the light most favorable to the judgment of the trial court. *See Borrego v. City of El Paso,* 964 S.W.2d 954, 956 (Tex.App.—El Paso 1998, pet. denied). As explained in *Nixon v. Mr. Property Management Co., Inc.,* 690 S.W.2d 546, 548–49 (Tex.1985), the movant for summary judgment has the burden of showing there is no genuine issue of material fact and that it is entitled to summary judgment as a matter of law. *See* Tex. R.Civ.P. 166a(c). In deciding whether there is a disputed material fact issue precluding summary judgment, all admissible evidence favorable to the non-movant will be taken as true; every reasonable inference must be indulged in favor of the non-movant, and all doubts resolved in the non-movant's favor. The movant is required to disprove at least one element of each of the non-movant's theories of recovery or to plead and conclusively establish an affirmative defense, which defeats the non-movant's cause of action. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678–79 (Tex.1979). The purpose of summary judgment is the elimination of patently unmeritorious claims or untenable defenses; it is not intended to deprive litigants of their right to a full hearing on the merits of any real issue of fact. *See Gulbenkian v. Penn.,* 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952); Hon. David Hittner & Lynne Liberato, *Summary Judgments in Texas,* 34 Hous.L.Rev. 1303, 1307 (1998). The trial court did not provide findings or grounds for summary judgment. We can therefore affirm the judgment on appeal if any of the theories advanced are meritorious. *See State Farm Fire & Casualty Co. v. S.S. & G.W.,* 858 S.W.2d 374, 380 (Tex.1993); *American Eagle Ins. Co. v. Nettleton,* 932 S.W.2d

169, 174 (Tex.App.—El Paso 1996, writ denied).

## Open Records Act

 The Public Information or Open Records Act reflects the state policy that the public is entitled to have access to the information on government affairs and official acts of public officials and employees, unless the information is expressly excepted. *See* TEX.GOV'T CODE ANN. § 552.001 (Vernon 1994). Section 552.022(a) lists examples of information that the public is entitled to, including "a settlement agreement to which a governmental body is a party." TEX.GOV'T CODE ANN. § 552.022(a)(18)(Vernon Supp.2001). The act also defines a governmental body to include a school district board of trustees, a county board of school trustees, and a county board of education. *See* TEX.GOV'T CODE ANN. § 552.003(1)(A)(v), (vi), (vii). A settlement agreement must therefore be disclosed by a governmental body such as EPCCC, absent an express statutory exception.

 There is no exception to disclosure in this case. A settlement agreement may be excepted from disclosure if prohibited by a court order. *See* TEX.GOV'T CODE ANN. § 552.107(2). But there is no such court order here. Information may also be excepted if it relates to litigation to which a governmental body is involved if the litigation is either pending or is reasonably anticipated at the time the requestor applies for the disclosure of the information. *See* TEX.GOV'T CODE ANN. § 552.103(c). This exception does not apply since the litigation concerning the settlement agreement had long been concluded.

 Thomas argues that the personnel information exception applies since she believes the settlement agreement should have been placed in her personnel file and is personnel information. The statute states that the disclosure of personnel information which would "constitute a clearly unwarranted invasion of personal privacy . . ." is excepted. TEX.GOV'T CODE ANN. § 552.102(a). The test to determine if the disclosure of the information would be an unwarranted invasion of personal privacy is whether the revelation would be highly embarrassing or is of an intimate nature, which, if publicized, would be highly objectionable to a reasonable person. *See Hubert v. Harte–Hanks Texas Newspapers, Inc.,* 652 S.W.2d 546, 550–51 (Tex. App.—Austin 1983, writ ref'd n.r.e.). In this case, Thomas had already revealed the existence of a settlement agreement to El Paso Times earlier, and the disclosure of the amount of the settlement is not information that is highly embarrassing or intimate. The personnel exception to the disclosure of public information does not apply to the settlement agreement between Thomas and EPCCC. Since no statutory exception exists, it was mandatory for EPCCC to disclose the settlement agreement.

## Breach of Contract

 The contract provided that the parties would keep the terms of the settlement agreement confidential unless the parties agreed to the disclosure or were compelled to make the disclosure:

16. The parties acknowledge that it is publicly known this matter has been settled and compromised. Nonetheless, the parties wish to end the continuing controversy, and, therefore, agree that the *terms of this Release are confidential and shall be disclosed by no party, their agents, representatives, attorneys, and assigns, without the prior written consent of the remaining parties or compelled by law.* Releasor agrees that the

terms of this Release and the factual background of the lawsuit and dispute between the parties are confidential, to the extent permitted by law, and that such facts will not be publicized or disclosed without the consent of Releasee. Further, Releasor agrees that Releasor shall not categorize this Release or the outcome of the lawsuit as a victory for Releasor or a defeat of the other party or suggest that this Release or the terms thereof constitute something other than the settlement of an employment dispute without an admission or finding of liability on the part of either party. [Emphasis added].

Plainly, since the EPCCC was "compelled by law" to disclose the settlement agreement as public information under the Open Records Act, it did not breach the contract.

■ Before a party may recover damages, there must be a breach of contract. *See Prudential Securities, Inc. v. Haugland,* 973 S.W.2d 394, 396–97 (Tex.App.— El Paso 1998, pet. denied). There was no breach of contract, ergo Thomas has no damages to recover.

Thomas's points of error are overruled and EPCCC's points of error are sustained. We therefore reverse and render judgment that EPCCC committed no breach of contract and that disclosure of the settlement agreement was mandatory under the law.