Reversed and Rendered and Opinion filed June 1, 2004









Reversed and Rendered and Opinion filed June 1, 2004.

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00625-CV

____________

 

THE BAYTOWN SUN, Appellant

 

V.

 

THE CITY OF MONT
BELVIEU

and

STRONG
SPORTS MANAGEMENT, INC., Appellees

 



 

On Appeal from the 344th
District Court

Chambers County, Texas

Trial Court Cause No. 20014

 



 

O P I N I O N

Appellant The Baytown Sun appeals from the
trial court=s orders, both dated May 15, 2003,
granting summary judgment to appellees City of Mont Belvieu (ACity@) and Strong
Sports Management, Inc. (ASSMI@).  This case arises from the City=s refusal to
disclose SSMI=s employee salary information in response
to appellant=s request under the Texas Public
Information Act (AAct@). See Tex. Gov=t Code Ann. '' 552.001-.353 (Vernon Supp. 2003).








The City and SSMI entered into a
Management Agreement (AAgreement@) whereby SSMI, a
professional sports management company, agreed to manage and operate the Eagle
Pointe Recreation Complex (AComplex@) owned by the City
in exchange for payment of all direct and indirect out-of-pocket expenses
incurred in connection with the Complex and a monthly base management fee.  Large City expenditures made in connection
with the Agreement, along with the alleged failure of the Complex to turn a
profit, prompted Mary Green, a Mont Belvieu resident, to investigate by filing
a request for information concerning, inter alia, the salaries paid to
employees of SSMI.  While Green=s request was
pending, appellant filed a similar request which also sought information
concerning SSMI employee names, positions, and salaries.  After receiving an advisory opinion from the
state Attorney General=s office supporting its position,[1]
the City refused to disclose that information pursuant to the Act.

Appellant filed a petition for a writ of
mandamus with the trial court, seeking to compel the City to disclose the
information sought.[2]  The trial court denied appellant=s motion for
summary judgment and granted the City=s no-evidence
summary judgment and SSMI=s summary judgment motions.  This appeal followed.

The Issues








Appellant presents three issues for
review, claiming that the trial court erred: (1) in finding that SSMI is not
subject to the Act, (2) in finding that the City does not have a right of
access to SSMI=s employee salary information under the
Agreement, and (3) in granting the City=s no-evidence
motion for summary judgment.  Because we
find that the City has a contractual right to access SSMI=s salary
information under the Agreement, we do not consider appellant=s first
issue.  We reverse the trial court=s order granting
summary judgment to the City and render judgment in favor of appellant.

Contractual Right to Access Salary
Information

In its second issue, appellant argues that
the trial court erred in finding that the City does not have a right of access
to SSMI=s employee salary
information under the Agreement.  The
City counters by arguing that it has no contractual right to access the SSMI
employee salaries because the Agreement does not specifically provide it with
the right to inspect such information. 
Therefore, according to the City, SSMI=s employee
salaries cannot be considered Apublic information@ under section
552.002(a) of the Texas Government Code.[3]  For the reasons stated below, we agree with
appellant=s contention.

Both the City and SSMI place great weight
upon the Agreement=s provision that SSMI is required to
prepare Apayroll cost
summaries by department@ (emphasis added)
in support of their position.  They
reason that the City has no right to access such records under the provision
that the City Ashall be entitled to inspect the books and
records of the Complex@ because the Agreement does not literally
require SSMI to prepare individual employee payroll records for inclusion in
the monthly accounting reports.  However,
this position is untenable.








In construing a contract, we give the
terms their plain, ordinary, and generally accepted meaning unless the instrument
shows that the parties used them in a technical or different sense.  Heritage Resources, Inc. v. NationsBank,
939 S.W.2d 118, 121 (Tex. 1996).  The
provision of the Agreement to which the City and SSMI refer provides: ASSMI shall prepare
monthly accounting reports, including but not limited to sales
journals/reports, payroll cost summaries by department, accounts receivable and
inventory reports, based on generally accepted accounting principles@ (emphasis
added).  Because this provision is not
dispositive of the issue, we must look to other provisions of the Agreement to
determine whether the City has a contractual right of access to SSMI=s employee salary
information.

The Agreement provides that ASSMI shall
maintain books and records relating to the business activities of the Complex
separate from its other books and records.@  Elsewhere it provides that the City Ashall maintain one
or more accounts for the purpose of collecting Complex revenues and disbursing
approved Operating and Capital Expenses...@.[4]  Further, the parties agreed that ASSMI shall account
to [the City] for all Complex expenses prior to payment by [the City]@ and that ASSMI shall
establish and maintain one or more accounts...for the disbursement of payroll
and related Complex expenses.@  Of course, the use of the term account
within the context of the above provisions, whether as a verb or a noun,
necessarily requires that records or some sort of documentary evidence be kept
concerning the relevant transactions.[5]

SSMI is therefore obligated under the
terms of the Agreement to maintain records of the salaries disbursed to its
employees in connection with its management and operation of the Complex.  Because the City is entitled to Ainspect the books
and records of the Complex,@ it has a right to
access SSMI=s relevant payroll account records.[6]  Such employee salary information therefore
constitutes public information under the Act. 
Accordingly, we sustain appellant=s second issue.








The No-Evidence Motion

In its third issue, appellant argues that
the trial court erred in granting the City=s no-evidence
motion for summary judgment.  While the
trial court=s order granting summary judgment to the
City did not state the grounds therefor, the City=s motion presented
two grounds: (1) appellant did not have standing, and (2) appellant=s request for
production is moot.  If the trial court=s order grants a
motion for summary judgment without stating the grounds upon which it relied,
the appealing party must show it is error to base the judgment upon any ground
asserted in the motion. Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 473
(Tex. 1995).  We therefore examine both
grounds for summary judgment below.

In one ground, the City claims that
appellant lacks standing to enforce the request made by Mary Green for SSMI=s employee salary
information.  Citing section 552.321(a)
of the Texas Government Code,[7]
the City argues that appellant is merely attempting to litigate Green=s request, and
therefore appellant does not constitute a Arequestor@ under that
provision.  However, the evidence clearly
reveals that on June 21, 2002, appellant, acting through David Bloom and
Allyson Gonzalez, made its own request under the Act to obtain information
concerning SSMI employee salaries.  This
request was even acknowledged by the City in a letter dated June 25, 2002, in
which the City Secretary, Phyllis Sockwell, informed appellant that it would
not disclose the salary information based upon an advisory opinion previously
issued by the Attorney General=s office.  We find that appellant is a requestor under
section 552.321 and therefore has standing to bring suit.  Summary judgment is inappropriate on the City=s first ground.








In its second ground, the City claims that
it has already produced all public information requested by appellant.  The City, however, has failed to disclose the
relevant SSMI payroll account records sought by appellant.  As we have determined, those documents
constitute public information under the Act. 
Summary judgment is therefore inappropriate on the City=s second ground.

Because appellant has shown that neither
of the grounds asserted in the City=s no-evidence
motion is an appropriate basis for granting summary judgment in its favor, we
sustain appellant=s third issue.

Conclusion

We reverse the trial court=s order granting
summary judgment to the City and render judgment in favor of appellant.

 

 

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment
rendered and Opinion filed June 1, 2004.

Panel
consists of Chief Justice Hedges and Justices Frost and Guzman.











[1]  We note that
the facts provided by the City, and upon which the Attorney General=s office based its opinion, assumed, albeit
erroneously, that the City did not have a contractual right of access to the
records at issue here.  Our holding in
the present case is therefore not at odds with the advisory opinion rendered by
the Attorney General=s office because the facts supplied by the City were
incomplete and inaccurate.





[2]  While
appellant sought other information in addition to that concerning SSMI employee
salaries, both appellant and the City agree that the only issue now before this
court is whether the requested salary information must be disclosed.





[3]  That section
provides in relevant part: AIn this chapter, >public
information= means information that is collected, assembled, or maintained
under a law or ordinance or in connection with the transaction of official
business: (1) by a governmental body; or (2) for a governmental body and the
governmental body owns the information or has a right of access to it.@





[4]  The Agreement defines the term Operating
Expenses to include payroll.





[5]  See Webster=s Third New International
Dictionary 12-13 (1993); Black=s Law Dictionary 17 (7th ed.1999).





[6]  The City also
argues that employee salary information is either confidential or constitutes
personnel information excepted from disclosure under sections 552.101 and
552.102, respectively, of the Texas Government Code.  We disagree. 
The City cites no constitutional provision, statute, or judicial
decision rendering the salary information at issue confidential. See Tex. Gov=t Code Ann. ' 552.101 (Vernon 1994).  Moreover, the test to determine whether
disclosure of the information would be a Aclearly
unwarranted invasion of personal privacy@ is
whether the revelation would be highly embarrassing or is of an intimate
nature, which, if publicized, would be highly objectionable to a reasonable
person. Thomas v. El Paso County Community College Dist., 68 S.W.3d 722,
726 (Tex. App.CEl Paso 2001, no pet.).  We cannot say, as a matter of law, that
disclosure of employee salary information in the present case is either highly
embarrassing or of such an intimate nature.





[7]  That section
provides in relevant part: AA requestor or the attorney general may file suit for
a writ of mandamus compelling a governmental body to make information available
for public inspection if the governmental body refuses to request an attorney
general=s decision as provided by Subchapter G...@(Vernon Supp. 2003).