**THE BAYTOWN SUN, Appellant**

v.

**The CITY OF MONT BELVIEU and Strong Sports Management, Inc., Appellees.**

**No. 14–03–00625–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

June 1, 2004.

Rehearing Overruled Oct. 7, 2004.

Charles A. Daughtry, Houston, for appellant.

J. Grady Randle, Gregg M. Rosenberg, Joseph Robert Larsen, Houston, for appellees.

Panel consists of Chief Justice HEDGES and Justices FROST and GUZMAN.

1. We note that the facts provided by the City, and upon which the Attorney General's office based its opinion, assumed, albeit erroneously, that the City did not have a contractual right of access to the records at issue here.

## OPINION

ADELE HEDGES, Chief Justice.

Appellant The Baytown Sun appeals from the trial court's orders, both dated May 15, 2003, granting summary judgment to appellees City of Mont Belvieu ("City") and Strong Sports Management, Inc. ("SSMI"). This case arises from the City's refusal to disclose SSMI's employee salary information in response to appellant's request under the Texas Public Information Act ("Act"). *See* TEX. GOV'T CODE ANN. §§ 552.001–.353 (Vernon Supp. 2003).

The City and SSMI entered into a Management Agreement ("Agreement") whereby SSMI, a professional sports management company, agreed to manage and operate the Eagle Pointe Recreation Complex ("Complex") owned by the City in exchange for payment of all direct and indirect out-of-pocket expenses incurred in connection with the Complex and a monthly base management fee. Large City expenditures made in connection with the Agreement, along with the alleged failure of the Complex to turn a profit, prompted Mary Green, a Mont Belvieu resident, to investigate by filing a request for information concerning, *inter alia*, the salaries paid to employees of SSMI. While Green's request was pending, appellant filed a similar request which also sought information concerning SSMI employee names, positions, and salaries. After receiving an advisory opinion from the state Attorney General's office supporting its position,[1] the City refused to disclose that information pursuant to the Act.

Appellant filed a petition for a writ of mandamus with the trial court, seeking to compel the City to disclose the information

Our holding in the present case is therefore not at odds with the advisory opinion rendered by the Attorney General's office because the facts supplied by the City were incomplete and inaccurate.

sought.[2] The trial court denied appellant's motion for summary judgment and granted the City's no-evidence summary judgment and SSMI's summary judgment motions. This appeal followed.

### The Issues

Appellant presents three issues for review, claiming that the trial court erred: (1) in finding that SSMI is not subject to the Act, (2) in finding that the City does not have a right of access to SSMI's employee salary information under the Agreement, and (3) in granting the City's no-evidence motion for summary judgment. Because we find that the City has a contractual right to access SSMI's salary information under the Agreement, we do not consider appellant's first issue. We reverse the trial court's order granting summary judgment to the City and render judgment in favor of appellant.

### Contractual Right to Access
### Salary Information

■ In its second issue, appellant argues that the trial court erred in finding that the City does not have a right of access to SSMI's employee salary information under the Agreement. The City counters by arguing that it has no contractual right to access the SSMI employee salaries because the Agreement does not specifically provide it with the right to inspect such information. Therefore, according to the City, SSMI's employee salaries cannot be considered "public information" under section 552.002(a) of the Texas

Government Code.[3] For the reasons stated below, we agree with appellant's contention.

Both the City and SSMI place great weight upon the Agreement's provision that SSMI is required to prepare "payroll cost summaries *by department*" (emphasis added) in support of their position. They reason that the City has no right to access such records under the provision that the City "shall be entitled to inspect the books and records of the Complex" because the Agreement does not literally require SSMI to prepare individual employee payroll records for inclusion in the monthly accounting reports. However, this position is untenable.

■ In construing a contract, we give the terms their plain, ordinary, and generally accepted meaning unless the instrument shows that the parties used them in a technical or different sense. *Heritage Resources, Inc. v. NationsBank*, 939 S.W.2d 118, 121 (Tex.1996). The provision of the Agreement to which the City and SSMI refer provides: "SSMI shall prepare monthly accounting reports, *including but not limited to* sales journals/reports, payroll cost summaries by department, accounts receivable and inventory reports, based on generally accepted accounting principles" (emphasis added). Because this provision is not dispositive of the issue, we must look to other provisions of the Agreement to determine whether the City has a contractual right of access to SSMI's employee salary information.

**2.** While appellant sought other information in addition to that concerning SSMI employee salaries, both appellant and the City agree that the only issue now before this court is whether the requested salary information must be disclosed.

**3.** That section provides in relevant part: "In this chapter, 'public information' means in-

formation that is collected, assembled, or maintained under a law or ordinance or in connection with the transaction of official business: (1) by a governmental body; or (2) for a governmental body and the governmental body owns the information or has a right of access to it."

The Agreement provides that "SSMI shall maintain books and records relating to the business activities of the Complex separate from its other books and records." Elsewhere it provides that the City "shall maintain one or more accounts for the purpose of collecting Complex revenues and disbursing approved Operating and Capital Expenses ...".[4] Further, the parties agreed that "SSMI shall account to [the City] for all Complex expenses prior to payment by [the City]" and that "SSMI shall establish and maintain one or more accounts ... for the disbursement of payroll and related Complex expenses." Of course, the use of the term *account* within the context of the above provisions, whether as a verb or a noun, necessarily requires that records or some sort of documentary evidence be kept concerning the relevant transactions.[5]

■ SSMI is therefore obligated under the terms of the Agreement to maintain records of the salaries disbursed to its employees in connection with its management and operation of the Complex. Because the City is entitled to "inspect the books and records of the Complex," it has a right to access SSMI's relevant payroll account records.[6] Such employee salary information therefore constitutes public information under the Act. Accordingly, we sustain appellant's second issue.

### The No–Evidence Motion

■ In its third issue, appellant argues that the trial court erred in granting the City's no-evidence motion for summary judgment. While the trial court's order granting summary judgment to the City did not state the grounds therefor, the City's motion presented two grounds: (1) appellant did not have standing, and (2) appellant's request for production is moot. If the trial court's order grants a motion for summary judgment without stating the grounds upon which it relied, the appealing party must show it is error to base the judgment upon any ground asserted in the motion. *Star–Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex.1995). We therefore examine both grounds for summary judgment below.

In one ground, the City claims that appellant lacks standing to enforce the request made by Mary Green for SSMI's employee salary information. Citing section 552.321(a) of the Texas Government Code,[7] the City argues that appellant is

---

4. The Agreement defines the term *Operating Expenses* to include payroll.

5. *See* WEBSTER's THIRD NEW INTERNATIONAL DICTIONARY 12–13 (1993); BLACK's LAW DICTIONARY 17 (7th ed.1999).

6. The City also argues that employee salary information is either confidential or constitutes personnel information excepted from disclosure under sections 552.101 and 552.102, respectively, of the Texas Government Code. We disagree. The City cites no constitutional provision, statute, or judicial decision rendering the salary information at issue confidential. *See* TEX. GOV'T CODE ANN. § 552.101 (Vernon 1994). Moreover, the test to determine whether disclosure of the information would be a "clearly unwarranted invasion of personal privacy" is whether the revelation would be highly embarrassing or is of an intimate nature, which, if publicized, would be highly objectionable to a reasonable person. *Thomas v. El Paso County Community College Dist.*, 68 S.W.3d 722, 726 (Tex.App.-El Paso 2001, no pet.). We cannot say, as a matter of law, that disclosure of employee salary information in the present case is either highly embarrassing or of such an intimate nature.

7. That section provides in relevant part: "A requestor or the attorney general may file suit for a writ of mandamus compelling a governmental body to make information available for public inspection if the governmental body refuses to request an attorney general's decision as provided by Subchapter G ...." (Vernon Supp.2003).

merely attempting to litigate Green's request, and therefore appellant does not constitute a "requestor" under that provision. However, the evidence clearly reveals that on June 21, 2002, appellant, acting through David Bloom and Allyson Gonzalez, made its own request under the Act to obtain information concerning SSMI employee salaries. This request was even acknowledged by the City in a letter dated June 25, 2002, in which the City Secretary, Phyllis Sockwell, informed appellant that it would not disclose the salary information based upon an advisory opinion previously issued by the Attorney General's office. We find that appellant is a requestor under section 552.321 and therefore has standing to bring suit. Summary judgment is inappropriate on the City's first ground.

In its second ground, the City claims that it has already produced all public information requested by appellant. The City, however, has failed to disclose the relevant SSMI payroll account records sought by appellant. As we have determined, those documents constitute public information under the Act. Summary judgment is therefore inappropriate on the City's second ground.

Because appellant has shown that neither of the grounds asserted in the City's no-evidence motion is an appropriate basis for granting summary judgment in its favor, we sustain appellant's third issue.

### Conclusion

We reverse the trial court's order granting summary judgment to the City and render judgment in favor of appellant.