# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-04-00332-CV

---

**Michael Murphy, Appellant**

**v.**

**City of Austin, Appellee**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
NO. GN303935, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING**

---

### M E M O R A N D U M   O P I N I O N

---

The question presented by this case is whether the payroll records of a subcontractor on a public works project constitute "public information" that is subject to disclosure under the Texas Public Information Act. *See* Tex. Gov't Code Ann. § 552.002 (West 2004). Appellant Michael Murphy requested that the City of Austin disclose copies of payroll records maintained by a subcontractor relating to a public construction project. The City denied Murphy's request pursuant to a letter ruling from the Attorney General determining that the records were not public information. Murphy then sought a writ of mandamus to compel the City to disclose the records, which the trial court denied. Murphy appeals, claiming in a single issue that the order should be reversed because the records satisfy the Act's definition of "public information."

## BACKGROUND

The City of Austin entered into a contract with M.B. Home Construction Services, Inc., in December 2002 to renovate the Austin-Bergstrom International Airport's operations building. In June 2003, Michael Murphy, a member of the City's Construction Advisory Committee and organizer for the International Brotherhood of Electrical Workers Local 520, requested copies of the certified payroll records from Crane Electric and/or ADB Construction, two companies that Murphy believed were working as subcontractors on the airport project. Murphy subsequently acknowledged at oral argument that the records of ADB Construction are not at issue, and that he is only seeking the disclosure of payroll records from Crane Electric.

The records sought by Murphy are required to be maintained by Crane Electric pursuant to chapter 2258 of the government code, which states that "[a] contractor and subcontractor shall keep a record showing: (1) the name and occupation of each worker employed by the contractor or subcontractor in the construction of the public work; and (2) the actual per diem wages paid to each worker," and that "[t]he record shall be open at all reasonable hours to inspection by the officers and agents of the public body." *Id*. § 2258.024 (West 2000); *see also id*. § 2258.021 (West 2000) (workers on public works projects must be paid "prevailing wage"). The contract executed between the City and M.B. Home Construction Services, Inc., expressly included the language of section 2258.024 in its terms. Thus, Crane Electric was obligated, both statutorily and contractually, to maintain records evidencing that its employees were paid prevailing wages, and to make those records available for governmental inspection at reasonable hours.

2

The City asked the Attorney General to determine whether it was required to disclose these records. *See id*. § 552.304 (West 2004). The Attorney General ruled that the City was "not required to make the records available to the requestor" because "the requested payroll records do not constitute public information under section 552.002." Tex. Att'y Gen. LA-5923 (2003). Accordingly, the City refused to disclose the records, and Murphy petitioned the trial court for a writ of mandamus to compel the City to disclose them. Following the hearing, the trial court issued an order in agreement with the Attorney General's ruling, "find[ing] as a matter of fact and conclud[ing] as a matter of law" that the records are not "public information." The court did not make any additional findings of fact or conclusions of law. Murphy now appeals, asserting that the trial court's denial of mandamus relief was improper because it was based on a misinterpretation of the term "public information."

**ANALYSIS**

Whether the requested documents are "public information" as defined by section 552.002 is a question of law. *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 357 (Tex. 2000). As such, we review the trial court's decision de novo. *City of Fort Worth v. Cornyn*, 86 S.W.3d 320, 322 (Tex. App.—Austin 2002, no pet.).

The Texas Public Information Act defines "public information" as "information that is collected, assembled, or maintained under a law or ordinance or in connection with the transaction of official business: (1) by a governmental body; or (2) for a governmental body and the governmental body owns the information or has a right of access to it." Tex. Gov't Code Ann.

3

§ 552.002(a). The parties agree that subsection (2) governs this dispute because Crane Electric is not a governmental body and, hence, subsection (1) does not apply. The parties also agree, based on section 2258.024 and the contract, that the records were "maintained under a law" and that the City had a "right of access" to them. *See id.* § 2258.024. The parties disagree, however, whether Crane Electric's payroll records were maintained "*for* a governmental body," as to satisfy the definition "public information" in section 552.002(a)(2).

Murphy urges that, absent some exception in the Act, if an entity is required by statute to maintain records, then those records are held "for" the government. Accordingly, Murphy contends that Crane Electric's payroll records are maintained "for" the City because the government code and the contract obligate Crane Electric to keep such records and to make those records available for governmental inspection at reasonable hours. *See id*. The City claims that Murphy misinterprets section 552.002 because he ignores the "for a governmental body" prong, which is an essential element that must be proven independently of the other requirements. The City argues that Crane Electric's records are not maintained "for" the City because, regardless of its statutory and contractual obligations, Crane Electric is required to maintain its payroll records for independent reasons such as social security, income tax, and accounting purposes.[1]

Neither Murphy nor the City cite any cases involving the precise issue of what is required to satisfy the "for a governmental body" portion of section 552.002(a)(2)'s definition. Both

---

[1] George Loney, a supervisor in the City's Contract Compliance Office, testified that private subcontractors are required to maintain payroll records for these reasons, and Murphy agreed at oral argument that Crane Electric was required to maintain payroll records for such "dual purposes."

parties assert that their position is supported by *Blankenship v. Brazos Higher Education Authority, Inc.*, 975 S.W.2d 353 (Tex. App.—Waco 1998, pet. denied). In *Blankenship*, a request was made for the City of Waco to produce documents showing what monies had been paid to two individuals by the Brazos Higher Education Authority, a non-profit organization that issued revenue bonds for the purchase of student loans. *Id*. at 354. As here, whether Waco had to disclose the documents depended on whether the records were considered "public information" under section 522.002(a)(2). *Id*. at 363. The court noted that the Authority was operating "at the request of" and "on [] behalf" of Waco, and that Waco exercised substantial control over the Authority because Waco's approval was required before the Authority could issue bonds or appoint a board of directors. *Id*. Based on this evidence, the court did not address whether the "for a governmental body" element was satisfied, and remanded the case only to determine whether Waco had a "right of access" to the documents. *Id.*; *see also Baytown Sun v. City of Mont Belvieu*, 145 S.W.3d 268, 269-71 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

Murphy also relies on dicta in *Blankenship* that "records which a public entity is entitled to examine are 'maintained' for that public entity within the meaning of section 522.002(a)(2)." *See* 975 S.W.2d at 363. Murphy urges that a private entity's records are maintained "for" a governmental body whenever the governmental body has a right to access the records. It does not follow that a "right of access" alone renders the information "public." This reasoning is circular and makes a single-pronged inquiry out of two prongs: To satisfy section 522.002(a)(2), the information must be maintained under a law or in connection with the transaction of official business both (i) for a governmental body and (ii) the governmental body must own or have a right of access

5

to it. Where an entity is acting in the stead of a governmental body, or is so involved in governmental operations as to be the functional equivalent of a governmental body, courts have concluded that the entity's records were subject to disclosure under the Act, either because the entity constituted a governmental body itself or because the entity held the information "for" a governmental body. *See, e.g.*, *Baytown Sun*, 145 S.W.3d at 269-71; *Blankenship*, 975 S.W.2d at 363. There is no such relationship here. Until the legislature speaks with a clearer voice, we may not broaden the scope of the statute to include private entities that, without more, merely contract with a governmental body or, as here, subcontract with a third party who in turn contracts with a governmental body.

That more than a mere contractual relationship is required to satisfy section 552.022(a)(2) is supported by Attorney General decisions interpreting the phrase "for a governmental body" to apply only when a private entity is acting "on behalf of," "at the request of," or "under the direction of" the government. Tex. Att'y Gen. ORD-462 (1989), *cited by Blankenship*, 975 S.W.2d at 363; *see also* Tex. Att'y Gen. LA-2277 (2002); Tex. Att'y Gen. LA-0066 (2002). Such situations include when an entity is carrying out a task "delegated" to it by the government, "which otherwise would have been left to the governmental body itself," or where the entity is employed "as an agent" of the governing body. Tex. Att'y Gen. ORD-462 (records of law firm considered "public information" because they were prepared at direction of and under substantial control by University of Houston, for which law firm was acting as agent). However, if the private entity maintains records "for its own purposes" and has control over its own methods and details of work, then the records are not public information because they are not maintained "for" the governing body,

regardless of whether the governing body has an ability to investigate the records. *See* Tex. Att'y Gen. LA-1728 (2002).

In more recent rulings, the Attorney General has directly addressed the question presented here—whether the payroll records of a subcontractor on a public works project, maintained pursuant to chapter 2258, are "public information." *See*, *e.g.*, Tex. Att'y Gen. LA-6044 (2003); Tex. Att'y Gen. LA-4925 (2003); Tex. Att'y Gen. LA-3026 (2003); Tex. Att'y Gen. LA-0283 (2003). Although decisions by the Attorney General are not binding, we afford them due consideration, especially in cases involving the Texas Public Information Act, because the Attorney General is mandated to determine whether records must be disclosed pursuant to that Act. *Abbott v. City of Corpus Christi*, 109 S.W.3d 113, 121 (Tex. App.—Austin 2003, no pet.). In each of these decisions, the Attorney General ruled that the records failed to satisfy the definition of public information because the subcontractor did "not prepare the requested payroll records as the agent of the [governmental body]," but instead did so "in the performance of its own statutory duties under section 2258.024 of the [Texas] Government Code." *See*, *e.g.*, Tex. Att'y Gen. LA-6044 (2003). The Office of the Attorney General adopted this reasoning in its 2004 Public Information Handbook, which states that section 552.002(a)(2) applies "when a governmental body has contracted with a private consultant to prepare information for the governmental body" and "[t]he private consultant is acting as the governmental body's agent in holding the records." Greg Abbott, Attorney Gen. of Tex., *Pub. Info. Handbook* (2004).

Crane Electric did not have a contract directly with the City of Austin, but rather was a subcontractor hired by M.B. Home Construction Services, Inc. In turn, Crane Electric's workers

7

were employed and paid by it, a private entity, and were not employees of the City. The City did not exercise control over the method or details of Crane Electric's work. Further, the task of maintaining Crane Electric's payroll records was not one that the City would be obligated to do itself; the City did not "delegate" this task to Crane Electric, and Crane Electric was not maintaining these records "on behalf of" the City. Instead, Crane Electric maintained the payroll records for its own purposes, including statutory compliance, social security, income tax, and accounting purposes. As such, Murphy's case is clearly distinguishable from, and thus not supported by, *Blankenship* and the Attorney General decisions upon which the *Blankenship* court relied. *See* 975 S.W.2d at 363.

The Attorney General reached the same conclusion in the instant case as it had in the other cases involving subcontractors' payroll records, reasoning that "Crane Electric does not prepare the requested payroll records as the agent of the city. Rather, Crane Electric does so in the performance of its own statutory duties under section 2258.024 of the Government Code." Tex. Att'y Gen. LA-5923 (2003). Giving due consideration to the Attorney General's consistent interpretation of section 552.002(a)(2) as excluding the payroll records of subcontractors on public works projects from the definition of "public information," we conclude that Crane Electric's records do not fall within the statutory definition.

**CONCLUSION**

Because Crane Electric did not maintain its payroll records "for" the City, the records are not "public information" as defined by section 552.002(a)(2) of the government code. As a

8

matter of law, the trial court correctly denied Murphy's petition for a writ of mandamus. Murphy's

sole issue is overruled, and the court's order is affirmed.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:   February 10, 2005