LONE STAR BEER, INC., Appellant,

v.

REPUBLIC NATIONAL BANK OF
DALLAS, Appellee.

No. 18318.

Court of Civil Appeals of Texas,
Dallas.

April 11, 1974.

Rehearing Denied May 9, 1974.

Cecil D. Elfenbein, Clark, West, Keller, Sanders & Ginsberg, Dallas, for appellant.

Gordon H. Rowe, Jr., Gardere, Porter & DeHay, Dallas, for appellee.

BATEMAN, Justice.

Lone Star Beer, Inc. appeals from a take-nothing summary judgment in its suit against appellee Republic National Bank of Dallas for conversion of two checks totaling $11,017.24. Appellant was named as payee in both checks, and its name was endorsed on each of them. They were then endorsed for deposit by Warren Wholesale, Inc. and deposited to its credit in appellee bank. Appellee had filed a third party complaint against D. D. Warren, Jr., and Warren Wholesale, Inc., praying for judgment over against them in the event any judgment should be rendered against it.

When appellee's motion for summary judgment was sustained the third party complaint was dismissed without prejudice.

D. D. Warren, Jr. was president and a substantial stockholder in appellant, as well as sole owner of Warren Wholesale, Inc., and by agreement with appellant he continued to haul beer to various customers he had in West Texas before he became a stockholder in and president of appellant. However, he did not have the required license to do so. Appellant had such a license but did not operate in West Texas. It was therefore agreed between them that Warren would buy beer in wholesale quantities from Lone Star Brewing Company, of San Antonio, Texas, but in the name and under the license of appellant. Appellant would forward to Warren the invoices and statements it received from Lone Star Brewing Company for such beer and Warren would issue his check in payment therefor. Warren was thus enabled to augment his income by buying and hauling beer to West Texas under the license of appellant. Checks that would come to appellant from these sales in West Texas would immediately be delivered to Warren. The two checks in question were given by Caprock Beverages, Inc. in payment for beer sold to it by Warren. Appellant had no claim to these checks; they belonged to Warren. Caprock Beverages, Inc. was not a customer of appellant, and the checks represented payment to Warren for beer that his trucks had hauled from the brewery in San Antonio to Caprock in West Texas.

■ The facts of this case are quite similar to those involved in Lone Star Beer, Inc. v. First National Bank of Odessa, 468 S.W.2d 930 (Tex.Civ.App.—El Paso 1971, no writ). That case involved similar operations by D. D. Warren, Jr. in the Odessa area of West Texas, under an arrangement with Lone Star Beer, Inc. identical to the one involved here; and, as held by the El Paso Court of Civil Appeals

in that case, we hold that appellee carried its burden of showing the absence of any genuine issue of material fact and that it was entitled to judgment as a matter of law. The following language of the El Paso court in that case at 933–934 is applicable and controlling here:

> Conversion has been defined in various ways. Basically, conversion is a wrongful deprivation of property. Bradley v. McKinzie, 226 S.W.2d 458 (Tex. Civ.App. NWH). There can be no conversion where the owner has expressly or impliedly assented to the taking or disposition. Terry v. Witherspoon, Tex. Civ.App., 255 S.W. 471; Tex.Com.App., 267 S.W. 973. Conversion may be committed against one who has legal possession regardless of the question of title. First National Bank of Colorado v. Brown, 85 Tex. 80, 23 S.W. 862 (1892). In order to recover on a theory of conversion, it is necessary that Lone Star Beer allege and prove one of three things, that being, that it is the owner of the property converted or that it had legal possession of the property so taken or that it is entitled to possession. The testimony of Lone Star Beer's officers and directors expressly negate each proposition necessary to so sustain its allegations of conversion.

■ The undisputed summary-judgment evidence in the record before us shows clearly that the checks in question actually belonged to Warren; regardless of whether he had authority to endorse appellant's name thereon, the checks were his. That being true, appellee could not be guilty of converting these checks when it collected them and placed the money to the credit of Warren's corporation.

Appellant points to evidence that the Lone Star Brewing Company sued appellant in the district court at San Antonio for approximately $80,000 for beer allegedly sold to appellant but delivered to Warren, that appellant compromised this suit

by paying $40,000 to Lone Star Brewing Company. From these facts appellant reasons that it became the owner of the beer for which the checks were given and, consequently, of the checks themselves. In its first two points of error appellant asserts that issues of fact existed as to ownership of both the checks and the beer. We do not agree with this argument. Appellee is not sued herein for converting beer, but only for converting checks, and Warren's ownership of the checks and his right to possession thereof appear without dispute. Moreover, it appears from the summary-judgment evidence that the filing of the $80,000 suit and the compromise settlement thereof occurred long after the issuance and deposit of the two checks involved here.

For these reasons, we overrule appellant's first two points of error.

By its third, fourth and fifth points of error, appellant asserts that in buying beer and selling it in wholesale quantities without a license Warren was violating the Texas Liquor Control Act.* These points are also overruled. In the first place, appellant's acquiescence and participation in the allegedly illegal acts of Warren preclude it from recovering damages from appellee. The policy of the law in such cases is to leave the parties where they have placed themselves. First Nat. Bank of Breckenridge v. First Nat. Bank of Stamford, 53 S.W.2d 75, 76 (Tex.Civ.App.—Eastland 1932, writ dism'd). In the second place, appellee had no contractual relations with appellant, legal or illegal. If Warren's sale of the beer to Caprock Beverages, Inc. was illegal that circumstance would not create liability on the part of appellee for converting the checks, especially at the behest of one who was a participant in the allegedly illegal activity.

The summary judgment was correct and is affirmed.

* Tex. Penal Code Ann. art. 666-1 et seq. (Vernon 1952).