**US BANK, N.A., formerly known as Firstar Bank, N.A., Appellant**

v.

**PRESTIGE FORD GARLAND LIMITED PARTNERSHIP and STV Incorporated, Appellees.**

**No. 05–03–01641–CV.**

Court of Appeals of Texas, Dallas.

Aug. 26, 2005.

S. Cass Weiland, Jennifer L. Keefe, Patton Boggs L.L.P., Dallas, for Appellant.

James D. Blume, Jennifer S. Stoddard, Joshua H. Northam, Shelly L. Skeen, Blume & Stoddard, Scott A. Whisler, James W. Grau, Grau-Koen, P.C., Dallas, for Appellee.

Before Justices O'NEILL, LANG and LANG–MIERS.

## OPINION

Opinion by Justice LANG–MIERS.

This appeal arises from a dispute over the ownership of motor vehicles. In November 2000, Unlimited,[1] an automobile leasing company, and U.S. Bank signed a Dealer Agreement whereby U.S. Bank would provide funding for Unlimited's purchase of vehicles in exchange for an assignment of Unlimited's interest in the lease agreements to those vehicles. In September 2002, Unlimited approached Prestige Ford, a dealership in Garland, about purchasing eight Ford motor vehicles that it intended to then lease to STV, Inc. Unlimited and STV signed lease agreements for the vehicles that same month. The lease agreements required STV to make its payments to U.S. Bank. STV took possession of the vehicles pending the sale from Prestige Ford to Unlimited. Prestige Ford contends it loaned the vehicles to STV pending the sale to Unlimited, and U.S. Bank contends the delivery of the vehicles to STV was effectively the delivery to Unlimited pursuant to a sale.

In October, U.S. Bank gave Unlimited a check for over $155,000 as payment for the vehicles. Unlimited in turn tendered a check to Prestige Ford. Unknown to U.S. Bank, the check from Unlimited to Prestige Ford was dishonored. When Prestige Ford was unable to collect from Unlimited, Prestige Ford asked STV to return the vehicles. STV returned the vehicles to Prestige Ford and also stopped making lease payments to U.S. Bank. Prestige Ford then sold or leased the vehicles to persons unrelated to this lawsuit.

US Bank sued Prestige Ford for conversion and declaratory judgment claiming

---

1. Unlimited is referred to as both Unlimited Cars and Cars Unlimited. For clarity, we will refer to it as Unlimited. Unlimited and U.S. Bank entered into an agreed judgment and Unlimited is not a party to this appeal.

that it has superior title to the vehicles. US Bank claimed its title was superior to Prestige Ford's because U.S. Bank attained all right, title and interest in the vehicles when Unlimited and STV executed the lease agreements and because U.S. Bank was a good faith purchaser and/or buyer in the ordinary course of business. *See* TEX. BUS. & COM.CODE ANN. § 2.401(a), 2.403(a), & 2.403(b) (Vernon 1994). US Bank sued STV claiming STV breached its contract when it stopped making lease payments.

In response, Prestige Ford argued that it was the legal owner of the vehicles because U.S. Bank never received the certificates of title to the vehicles and because Prestige Ford never sold the vehicles to Unlimited. STV argued its lease agreements with Unlimited failed for lack of consideration.

All parties filed for summary judgment on their respective claims. After a hearing, the trial court denied U.S. Bank's motion and granted Prestige Ford and STV's joint motion on the conversion and breach of contract claims and granted Prestige Ford's supplemental motion on the declaratory judgment action without stating the grounds for its decision. US Bank appeals the trial court's judgment in favor of Prestige Ford and STV. For the reasons that follow, we affirm in part and reverse and remand in part.

## STANDARD OF REVIEW

When both parties move for summary judgment, each bears the burden of establishing it is entitled to judgment as a matter of law. *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex. 2000). If the trial court grants one motion and denies the other, the non-prevailing party may appeal the granting of the prevailing party's motion as well as the denial of its own motion. *Holmes v. Morales*, 924 S.W.2d 920, 922 (Tex.1996). We review the summary judgment evidence presented by both parties and determine all questions presented. *Dallas Morning News*, 22 S.W.3d at 356. We may affirm the trial court's summary judgment or reverse and render the judgment the trial court should have rendered. *Morales*, 924 S.W.2d at 922; *Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex.1988). When the trial court does not specify the basis for its summary judgment, the appealing party must show that each independent ground alleged is insufficient to support the summary judgment granted. *See Star–Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex.1995); *Caldwell v. Curioni*, 125 S.W.3d 784, 789 (Tex.App.-Dallas 2004, pet. denied). And we consider only the theories that were presented in writing and considered by the trial court. *Casso v. Brand*, 776 S.W.2d 551, 553 (Tex. 1989).

## ANALYSIS

### A. Conversion Claim Against Prestige Ford

In its first and second issues, U.S. Bank argues the trial court erred by granting Prestige Ford's motion for summary judgment and denying its motion for summary judgment because U.S. Bank proved it has superior title to the vehicles. US Bank argues three theories in support of its claim: (1) U.S. Bank acquired title to the vehicles pursuant to its Dealer Agreement when Unlimited executed the lease agreements with STV, (2) U.S. Bank was a good faith purchaser for value,[2] and (3) U.S.

---

2. US Bank cites section 2.403(a)(2) of the business and commerce code, which states in part:

A purchaser of goods acquires all title which his transferor had....A person with voidable title has power to transfer a good

Bank was a buyer in the ordinary course of business.[3]

In the summary judgment proceedings below, U.S. Bank argued it proved the elements of conversion against Prestige Ford as a matter of law. And Prestige Ford argued it disproved the first element of U.S. Bank's conversion claim—legal ownership—as a matter of law.

■■■ Conversion is the wrongful exercise of dominion or control over the property of another in denial of, or inconsistent with, the other's rights in the property. *Morey v. Page*, 802 S.W.2d 779, 786 (Tex. App.-Dallas 1990, no writ) (citing *Waisath v. Lack's Stores, Inc.*, 474 S.W.2d 444, 446 (Tex.1971)). Conversion has been defined in various ways. Basically, conversion is a wrongful deprivation of property. *Lone Star Beer, Inc. v. Republic Nat'l Bank of Dallas*, 508 S.W.2d 686, 687 (Tex.Civ.App.-Dallas 1974, no writ). Conversion may be committed against one who has legal possession regardless of the question of title. *Id.*

■ To prevail on its motion, U.S. Bank was required to prove, as a matter of law, that (1) it owned, had legal possession of, or was entitled to possession of the vehicles; (2) Prestige Ford assumed and exercised dominion and control over the vehicles in an unlawful and unauthorized manner, to the exclusion of and inconsistent with U.S. Bank's rights; and (3) Prestige Ford refused U.S. Bank's demand for return of the vehicles. *See Huffmeyer v. Mann*, 49 S.W.3d 554, 558 (Tex.App.-Corpus Christi 2001, no pet.);

*Longaker v. Evans*, 32 S.W.3d 725, 732 (Tex.App.-San Antonio 2000, pet. filed). To prevail on its motion, Prestige Ford had to negate, as a matter of law, one of these elements of conversion. *See Huffmeyer*, 49 S.W.3d at 558. We conclude neither party met its burden.

Under its first theory, U.S. Bank argued it has superior title to the vehicles because its Dealer Agreement with Unlimited provided an assignment of Unlimited's interest when Unlimited executed the lease agreements with STV. The Dealer Agreement provided:

> [Unlimited] shall forward the executed documents to [US Bank] and such execution shall constitute a sale and assignment of all [Unlimited]'s right, title and interest in the ... Vehicle....

The lease agreements between Unlimited and STV stated:

> The authorized signature of [Unlimited] below has the effect of ... assigning to [US Bank] ... all right, title and interest in, and to the Vehicle....

U.S. Bank argued that these provisions proved that when Unlimited and STV executed the lease agreements, U.S. Bank received all of Unlimited's rights in the vehicles, whether or not U.S. Bank had received the certificates of title to the vehicles.

Under its second theory, U.S. Bank argued it received title to the vehicles as a good faith purchaser when Prestige Ford delivered the vehicles in exchange for Unlimited's dishonored check, which it argued

---

title to a good faith purchaser for value. When goods have been delivered under a transaction of purchase the purchaser has such power even though ... (2) the delivery was in exchange for a check which is later dishonored....

Tex. Bus. & Com.Code Ann. § 2.403(a)(2) (Vernon 1994).

3. US Bank cites the following provision of the business and commerce code:

> Any entrusting of possession of goods to a merchant who deals in goods of that kind gives him power to transfer all rights of the entruster to a buyer in the ordinary course of business....

Tex. Bus. & Com.Code Ann. § 2.403(b).

completed Prestige Ford's performance under the contract. *See* TEX. BUS. & COM. CODE ANN. §§ 2.401(b) & 2.403(a)(2). And under its third theory, U.S. Bank argued it received title to the vehicles as a buyer in the ordinary course of business when Prestige Ford entrusted the vehicles to Unlimited, a dealer in automobiles, by delivering them to STV. *See id.* § 2.403(b).

Prestige Ford argued that no valid assignment occurred from Unlimited to U.S. Bank under the Dealer Agreement because Prestige Ford never sold the vehicles to Unlimited, so Unlimited never acquired any right, title, or interest in the vehicles that it could assign, and because U.S. Bank did not fund the assignment and did not obtain certificates of title from Unlimited. Prestige Ford also argued U.S. Bank was not a good faith purchaser for value under section 2.401(b) and 2.403(a)(2) or a buyer in the ordinary course of business under section 2.403(b) because Prestige Ford never delivered the vehicles to U.S. Bank or to Unlimited; Prestige Ford loaned the vehicles to STV, which was not in the business of selling or leasing vehicles; and Prestige Ford never had a transaction of purchase with Unlimited.

Critical to the parties' arguments under any of U.S. Bank's theories is the nature of the transfer of the vehicles from Prestige Ford to STV. U.S. Bank contends the transfer was pursuant to a sale under the business and commerce code, while Prestige Ford contends the transfer was only a loan pending a sale.

As summary judgment evidence, U.S. Bank presented the affidavit of Carol Manry who stated that U.S. Bank funded over $155,000 for the purchase of the vehicles and that Prestige Ford refused to turn over the vehicles' title documents to U.S. Bank. She also concluded that U.S. Bank

had superior title to the vehicles by virtue of the Dealer Agreement with Unlimited.

Prestige Ford presented the affidavit of Charlie Nixon, its general manager, who stated that Unlimited expressed an interest in purchasing the eight vehicles but that "no contract for sale was ever entered between Prestige Ford and Cars Unlimited" and that "[w]hile this proposed sale was pending Prestige Ford loaned the eight vehicles in question to STV." Nixon explained in his affidavit that it is common practice in the industry for a car dealership to permit a prospective purchaser to drive a vehicle pending financing and execution of the required contracts, but that the purchaser understands the dealership still owns the vehicle.

Prestige Ford also presented the affidavit of Debi Arnette, STV's business manager. She stated that "STV received the eight Ford vehicles from Unlimited Cars, pending the receipt of the proper registration and tags for the vehicles, which was to be provided by Unlimited Cars." She did not state that STV received the cars from Prestige Ford or that STV received the cars on loan.

As a result, the summary judgment evidence does not resolve the dispute over the nature of the transfer of the vehicles from Prestige Ford to STV. Under all of U.S. Bank's theories in its first and second issues (Dealer Agreement, good faith purchaser for value, and buyer in the ordinary course of business), it would have acquired only the interest Unlimited acquired. But if Unlimited never acquired any interest in the vehicles, then it had no interest to assign to U.S. Bank.

For example, under U.S. Bank's theory, if Prestige Ford loaned the vehicles to STV, then there would be no delivery under a transaction of purchase under sections 2.401 and 2.403(a)(2) by which Unlimited would have received title to the

vehicles. Similarly, if Prestige Ford loaned the vehicles to STV and did not deliver them to Unlimited, it did not entrust the vehicles to a merchant who deals in goods of that kind under · section 2.403(b)..

The dispute about this issue demonstrates there are genuine issues of material fact precluding summary judgment for either party. As a result, we do not reach the merits of the underlying legal theories raised by U.S. Bank and Prestige Ford, but leave that to the trial court on remand.

We conclude the trial court erred by granting Prestige Ford's motion for summary judgment on U.S. Bank's conversion claim. We sustain U.S. Bank's first and second points of error.

### B. Declaratory Judgment Claim

In its third issue, U.S. Bank argues the trial court erred by granting Prestige Ford's supplemental motion for summary judgment and denying its motion for summary judgment on U.S. Bank's claim for declaratory relief that it has superior title to the vehicles.

■ The Declaratory Judgment Act provides a means by which a party "may have determined any question of construction or validity arising under [a] statute … [or] contract … and obtain a declaration of rights, status, or other legal relations thereunder." TEX. CIV. PRAC. & REM. CODE ANN. § 37.004 (Vernon 1997). It is "not available to settle disputes already pending before a court." *BHP Petroleum Co., Inc. v. Millard,* 800 S.W.2d 838, 841 (Tex.1990) (citing *Heritage Life v. Heritage Group Holding,* 751 S.W.2d 229, 235 (Tex.App.-Dallas 1988, writ denied)). Ordinarily declaratory relief will not be granted where the cause of action has fully matured and invokes a present remedy at law. *See Tucker v. Graham,* 878 S.W.2d 681, 683 (Tex.App.-Eastland 1994, no writ);

*Sylvester v. Watkins,* 538 S.W.2d 827, 831 (Tex.Civ.App.-Amarillo 1976, writ ref'd n.r.e.). A declaratory judgment is improper if the relief requested is raised for the first time in an amended petition and merely addresses the same issues as were raised in the original petition. *See Hartford Cas. Ins. Co. v. Budget Rent–A–Car Sys. Inc.,* 796 S.W.2d 763, 772 (Tex.App.-Dallas 1990, writ denied); *Kenneth Leventhal & Co. v. Reeves,* 978 S.W.2d 253, 258–59 (Tex.App.-Houston [14th Dist.] 1998, no pet.); *Tucker,* 878 S.W.2d at 683.

■ US Bank initially sued Prestige Ford for, among other things, conversion. As we have discussed, to prove conversion, ownership of or a superior right of possession to the vehicles must be shown. In its second amended petition, U.S. Bank sought declaratory relief that it is the legal owner of the vehicles, exemplary damages, and attorney's fees. US Bank had no need for declaratory relief on the ownership issue because it had already placed that issue before the trial court in its original and first amended petitions. *See BHP Petroleum,* 800 S.W.2d at 841; *Hartford,* 796 S.W.2d at 772; *Heritage,* 751 S.W.2d at 235.

■ Prestige Ford argues U.S. Bank's declaratory judgment action was an effort to recover attorney's fees in an action where attorney's fees otherwise are not authorized. *See Hageman/Fritz, Byrne, Head & Harrison, L.L.P. v. Luth,* 150 S.W.3d 617, 626–27 (Tex.App.-Austin 2004, no pet. h.) (attorney's fees not authorized in conversion action). A declaratory relief plea may not be coupled with a damages action simply to pave the way to recover attorney's fees. *Hartford,* 796 S.W.2d at 772. Additionally, whether to award attorney's fees in a declaratory judgment action is within the discretion of the court. *Park Cities Ltd. P'ship v.*

*Transpo Funding Corp.*, 131 S.W.3d 654, 661 (Tex.App.-Dallas 2004, pet. denied).

We conclude the trial court did not err by granting Prestige Ford's supplemental motion for summary judgment on U.S. Bank's declaratory judgment action. We overrule U.S. Bank's third issue.

### C. Breach of Contract Against STV

In its fourth issue, U.S. Bank argues the trial court erred in granting STV's motion for summary judgment and denying its motion because STV breached the lease agreements when it stopped making lease payments. STV raised the affirmative defense of failure of consideration because it never received the registration and tags to the vehicles from Unlimited and because Unlimited could not have leased the vehicles to STV having never owned them.[4]

Generally, failure of consideration occurs when, because of some supervening cause after an agreement is reached, the promised performance fails. *Stewart v. United States Leasing Corp.*, 702 S.W.2d 288, 290 (Tex.App.-Houston [1st Dist.] 1985, no pet.). Failure of consideration may result as a consequence of one party's failure to perform its obligations under the agreement. *Austin Lake Estates, Inc. v. Meyer*, 557 S.W.2d 380, 384 (Tex.Civ.App.-Austin 1977, no writ).

After STV executed the lease agreements, it paid over $23,000 in taxes and registration for the lease of the eight Ford vehicles yet never received the registration and also lost the use of the vehicles when Prestige Ford demanded their return. Having concluded that there is a fact issue about whether Unlimited ever acquired any right, title or interest in the vehicles so that it could in turn lease the vehicles to STV, we also conclude there is a fact issue as to whether the contract between STV and Unlimited failed for lack of consideration.

We conclude the trial court erred by granting STV's motion for summary judgment. We sustain U.S. Bank's fourth issue.

### CONCLUSION

We conclude the trial court erred by granting Prestige Ford's motion for summary judgment on U.S. Bank's conversion claim. We also conclude the trial court erred by granting STV's motion for summary judgment on U.S. Bank's breach of contract claim. We sustain U.S. Bank's first, second, and fourth issues.

We conclude the trial court did not err by granting Prestige Ford's supplemental motion for summary judgment and denying U.S. Bank's motion on U.S. Bank's declaratory judgment action. We overrule U.S. Bank's third issue.

Accordingly, we affirm that part of the judgment ordering that U.S. Bank take nothing by way of its declaratory judgment action against Prestige Ford and STV. We reverse that part of the judgment ordering that U.S. Bank take nothing by way of its conversion and breach of contract claims against Prestige Ford and STV and remand those causes to the trial court for further proceedings consistent with this opinion.

---

**4.** STV contends that it raised these issues separately in its motion for summary judgment and that U.S. Bank failed to respond to the first argument. However, a fair reading of STV's motion for summary judgment and U.S. Bank's reply shows that U.S. Bank responded to all issues raised by STV.