# MEMORANDUM OPINION

No. 04-07-00817-CV

**CITY OF EAGLE PASS**, Texas, Jesus Olivares, Manuel Contreras, Ricardo Daniel and Mario
Diaz, in their Individual & Official Capacity,
Appellants

v.

Alejandro **WHEELER**,
Appellee

From the 365th Judicial District Court, Maverick County, Texas
Trial Court No. 06-10-22053-MCVAJA
Honorable Amado J. Abascal, III, Judge Presiding

Opinion by:     Rebecca Simmons, Justice

Sitting:        Alma L. López, Chief Justice
                Catherine Stone, Justice
                Rebecca Simmons, Justice

Delivered and Filed:  June 18, 2008

REVERSED AND RENDERED

This is an accelerated interlocutory appeal from an order denying the defendants' pleas to

the jurisdiction and motion for summary judgment, all based on immunity grounds. Because we

conclude that the City of Eagle Pass is immune from the plaintiff's claims, and the individual

defendants should have been dismissed from the suit, we reverse the trial court's orders denying the pleas to the jurisdiction and render judgment dismissing this action for want of jurisdiction.

## FACTUAL BACKGROUND

In late August 2005, Appellee Alejandro Wheeler, along with a business partner, secured approval from the City of Eagle Pass ("City") Room Tax Committee for $5,000.00 in funds to be used to promote an upcoming boxing match. Pursuant to this approval, Wheeler subsequently submitted six documents to the City's Finance Department. Wheeler characterizes these documents as proposals, while Appellants characterize them as invoices for payment. City officials, including Appellants Jesus Olivares, Manuel Contreras, and Mario Diaz (collectively, "individual Appellants"), suspected that at least one of these documents had been altered and submitted fraudulently. They referred the matter to the City police department. Appellant Ricardo Daniel, an Investigator with the City police department, was assigned to the case and undertook an investigation. After conferring with the district attorney, Daniel secured an arrest warrant and Wheeler was arrested. A district attorney pro tem presented the matter to a grand jury, which issued an indictment charging Wheeler with a felony for allegedly passing documents with the intent to defraud the City.

In his defense at the criminal trial, Wheeler presented evidence that the individual Appellants caused him to be criminally prosecuted even though they knew he submitted the documents only as proposals and not for reimbursement. The jury acquitted Wheeler.

Wheeler subsequently sued the City and Olivares, Contreras, Diaz, and Daniel, in both their individual and official capacities, asserting claims for malicious prosecution and defamation. According to Wheeler, Olivares initiated the criminal matter in retaliation for reports Wheeler made as a journalist critical of Olivares and the City regarding public monies.

Wheeler claims that Olivares, Contreras, and Diaz withheld information from Daniel that altered the investigation and had a direct impact on the criminal charges. Finally, Wheeler alleges that Daniel did not conduct the investigation in good faith. In his amended pleadings, Wheeler dropped the tort claims against the City, but added a request for a declaration that the City violated Wheeler's state constitutional rights.

The City and the individual Appellants sought relief from the trial court in three ways: (1) the City filed a plea to the jurisdiction asserting that Wheeler improperly attempted to recast his intentional tort claims, barred by governmental immunity, as a claim for declaratory relief, and, therefore, the court lacked subject matter over Wheeler's declaratory judgment action; (2) the individual Appellants filed a plea to the jurisdiction requesting that all claims against them be dismissed under section 101.106(e) of the Texas Civil Practice and Remedies Code; and (3) the individual Appellants filed a motion for summary judgment based on official immunity. The trial court denied all three of these pleadings.

### STANDARD OF REVIEW

Whether a court has subject matter jurisdiction is a question of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Where a plea to the jurisdiction challenges the pleadings, the appellate court determines whether the facts alleged in the pleadings affirmatively establish the court's jurisdiction. *Id.* We construe the pleadings liberally in favor of the plaintiff, affording the opportunity to amend if defects in the pleadings are curable. *Id.*; *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839-40 (Tex. 2007).

When a plea to the jurisdiction challenges the existence of jurisdictional facts, the parties may submit, and the trial court may consider, evidence relevant to jurisdiction. *Miranda*, 133

S.W.3d at 227. If the evidence raises a fact question regarding jurisdiction, the trial court should not grant the plea and the fact question should be resolved by the fact-finder. *Id.* at 227-28.

The standard of review "generally mirrors that of a summary judgment under Texas Rule of Civil Procedure 166a(c)." *Id.* at 228. The party asserting immunity has the burden to meet the summary judgment standard of proof to establish that the trial court lacks jurisdiction. *Id.* Once the party asserting immunity presents evidence showing lack of jurisdiction, the burden shifts to the plaintiff to demonstrate the existence of a material fact issue regarding jurisdiction. *Id.* The court takes as true all evidence favorable to the non-movant, indulges every reasonable inference and resolves any doubts in the non-movant's favor. *Id.*

**PLEAS TO THE JURISDICTION**

Because a governmental unit is protected from suit by sovereign immunity, a party seeking to sue a governmental unit must affirmatively demonstrate that the legislature waived immunity for the claims brought. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). If no such waiver exists, the trial court lacks jurisdiction over the lawsuit. *Tex. Natural Res. Conserv. Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002).

**A.      Claim for Declaratory Relief Against the City**

The Uniform Declaratory Judgments Act does not extend the jurisdiction of Texas courts; it only provides a procedure by which a trial court may "decid[e] cases already within [the] court's jurisdiction." *Chenault v. Phillips*, 914 S.W.2d 140, 141 (Tex. 1996), *quoting State v. Morales*, 869 S.W.2d 941, 947 (Tex. 1994); TEX. CIV. PRAC. & REM. CODE ANN. §§ 37.001-011 (Vernon 1997 and Supp. 2007). Thus, a declaratory judgment claim can be maintained only where there is a justiciable controversy between the parties as to their rights and status that the

declaration would actually resolve. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993).

The Texas Supreme Court has distinguished between suits against governmental units in which a party seeks a declaration to clarify rights under a statute or regulation, for which the Declaratory Judgments Act provides a waiver of immunity, and suits in which the request for declaratory relief is no more than a recasting of a claim for money damages, for which the Act does not provide a waiver of immunity. *Compare Tex. Educ. Agency v. Leeper*, 893 S.W.2d 432, 446 (Tex. 1994) (court had jurisdiction where plaintiff sought declaratory judgment challenging state agency's construction of compulsory school-attendance law), *with IT-Davy*, 74 S.W.3d at 859-60 (court lacked jurisdiction where plaintiff sought declaration that state agency breached contract, as such claim was "only . . . an attempt to have the trial court decide its breach-of-contract claim [for which immunity was not waived]"). Even when a plaintiff's claim for declaratory relief is predicated on proper construction of a statute, as was the case in *Leeper*, the governmental unit retains immunity where (1) the only injury occurred in the past and (2) the only plausible or conceivable remedy is money damages. *City of Houston v. Williams*, 216 S.W.3d 827, 828-29 (Tex. 2007) (municipality did not waive immunity against declaratory judgment action when only conceivable remedy was an award of money damages).

Here, the City asserts that Wheeler's declaratory judgment claim is simply a recasting of his malicious prosecution and defamation claims for money damages and, therefore, the court has no jurisdiction over those claims. The City contends that this case is very similar to *De Miño v. Sheridan*, 176 S.W.3d 359, 364 (Tex. App.—Houston 2004, no pet.), wherein de Miño sued Sheridan, the Provost of the University of Houston, for allegedly making defamatory statements in connection with Sheridan's decision not to renew de Miño's teaching contract. De Miño

asserted tort claims against Sheridan, in both his individual and official capacities, but later amended his pleadings to clarify that he was not asserting tort claims against Sheridan in his official capacity. *Id.* De Miño also requested a declaration that, in making the allegedly defamatory statements, Sheridan violated de Miño's state constitutional rights. *Id.* at 364-65. The trial court granted Sheridan's plea to the jurisdiction filed in his official capacity. *Id.* at 365.

The court of appeals affirmed, concluding that de Miño's claim for declaratory relief "merely recasts his defamation claims." *Id.* at 368. The court noted that the declaration de Miño sought "would, in fact, constitute a ruling as a matter of law on the tort claims de Miño had asserted against Sheridan in his individual capacity." *Id.* at 367-68. Accordingly, de Miño's claim was "not within the proper scope of an action for declaratory relief," and the Declaratory Judgments Act did not waive Sheridan's immunity from suit in his official capacity. *Id.* at 368 (citing *IT-Davy*, 74 S.W.3d at 855-56).

Wheeler argues that *de Miño* is distinguishable because his declaratory judgment claim is not co-extensive with his tort claims. He notes that a fact-finder could conclude that the City violated his constitutional rights, but that the individual Appellants did not maliciously prosecute or defame him. Conversely, the fact-finder could determine that the individual Appellants had maliciously prosecuted or defamed Wheeler but deny his request for a declaration that the City violated his constitutional rights. Citing *Democracy Coalition v. City of Austin*, 141 S.W.3d 282, 295-96 (Tex. App.—Austin 2004, no pet.), Wheeler further contends that his declaratory judgment claim is proper because, as a member of the media, he is entitled to a judicial declaration that the City's conduct violated his free speech, free press, and due process rights and that such conduct should not happen to him again in the future.[1]

---

[1] *Democracy Coalition* did not turn on whether the request for declaratory relief mirrored a claim for money damages based on the same conduct. 141 S.W.3d at 295-96. It is therefore inapposite.

Wheeler's request for a declaration that, by its past actions and conduct, the City violated his constitutional rights is based on the same allegations he makes regarding the individual Appellants' conduct in connection with his tort claims. Wheeler pleads one nucleus of facts regarding the City's and the individual Appellants' past behavior and all of his claims depend on those alleged facts. The declaration he seeks is that, by defaming and maliciously prosecuting him, the City violated his rights. Thus, his request for declaratory relief merely recasts the defamation and malicious prosecution claims he brought against the City in his original pleading, and under these circumstances the Declaratory Judgment Act does not waive the City's immunity. *IT-Davy*, 74 S.W.3d at 855-56; *De Miño*, 176 S.W.3d at 367-68.[2]

## B. Texas Civil Practice and Remedies Code Section 101.106(e)

The Texas Tort Claims Act generally provides for a limited waiver of sovereign immunity, for a narrowly proscribed set of tort claims against governmental units, and for damage caps, in those cases where immunity is waived. TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021, 101.023 (Vernon 2005). Before 2003, section 101.106 of the Tort Claims Act barred any action against employees after claims against the governmental unit were reduced to a judgment or settled.[3] Nothing in the Act, however, prevented a plaintiff from pursuing alternative theories of liability against a governmental unit and its employees prior to judgment or settlement.

The Texas Supreme Court recently explained that, as part of its comprehensive tort reform efforts in 2003, the Texas Legislature amended section 101.106 to force a plaintiff, at the

---

[2]*See also U.S. Bank, N.A. v. Prestige Ford Garland L.P.*, 170 S.W.3d 272, 278 (Tex. App.—Dallas 2005, no pet.) (affirming summary judgment on late-added declaratory judgment claim that mirrored conversion claim from earlier petitions – plaintiff "had no need for declaratory relief on the ownership issue because [plaintiff] had already placed that issue before the trial court in [plaintiff's] original and first amended petitions").

[3]Act of May 17, 1985, 69th Leg. R.S., ch. 959, § 1, 1985 Tex. Gen. Laws 3242, 3305.

time a suit is commenced, to choose between suing a governmental unit or proceeding against the employee alone. TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e); *Mission Consol. Indep. Sch. Dist. v. Garcia*, Nos. 05-0734, 05-0762, 05-0763, 2008 WL 821037, at \*2-3 (Tex. March 28, 2008). The supreme court stated that

> by forcing plaintiffs to make an irrevocable election at the time suit is filed, the Legislature intended to reduce the delay and expense associated with allowing plaintiffs to plead alternatively that the governmental unit is liable because its employee acted within the scope of his or her authority but, if not, that the employee acted independently and is individually liable.

*Id.* at \*3.

The various subsections of section 101.106 provide the effects of the plaintiff's election based on the entity or person the plaintiff initiates the suit against. As the supreme court explained in *Garcia*, one of the scenarios in which recovery against an individual employee is barred, and may be sought only against the governmental unit, occurs "when suit is filed against both the governmental unit and its employee, [section] 101.106(e)." *Id.* Section 101.106(e) of the Texas Civil Practice and Remedies Code provides:

> If a suit is filed *under this chapter* against both a governmental unit and any of its employees, the employees shall be immediately dismissed on the filing of a motion by the governmental unit.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e) (emphasis added).

Wheeler filed suit against both the City and the four individual Appellants, all of whom were employees of the City when Wheeler's causes of action accrued. The City, through the individual Appellants in their official capacity, filed a plea to the jurisdiction seeking to have the individual Appellants dismissed from the lawsuit pursuant to section 101.106(e). Wheeler argued that his lawsuit against the individual Appellants should not be dismissed because he did not sue them "under this chapter," that is, under the Tort Claims Act. Rather, his suit against the

individual Appellants alleged intentional torts, which Wheeler claims does not implicate the Tort Claims Act because such claims could not have been brought under the Act. Wheeler asserts that a claim implicates section 101.106(e) only when it is one for which the Tort Claims Act waives immunity.

The Texas Supreme Court's opinion in *Garcia* is dispositive of this issue. In *Garcia*, the supreme court explained that it had never before "interpreted 'under this chapter' to only encompass tort claims for which the Tort Claims Act waives immunity." *Garcia*, 2008 WL 821037, at *4 (citing *Newman v. Obersteller*, 960 S.W.2d 621, 622-23 (Tex. 1997) (pre-2003 version of section 101.106, which included "under this chapter" phrase, barred intentional tort claim against employee after judgment was rendered against governmental unit on claim based on same facts)); *see also Liu v. City of San Antonio*, 88 S.W.3d 737, 744 (Tex. App.—San Antonio 2002, pet. denied) (pre-2003 version case cited favorably in *Garcia*, 2008 WL 821037, at *4). The supreme court rejected the argument that the 2003 revisions to section 101.106 altered the meaning of "a suit . . . filed under this chapter." *Garcia*, 2008 WL 821037, at *4 ("[T]here is nothing in the [current] version [of section 101.106] that would indicate a narrower application of the phrase 'under this chapter' was intended [by the 2003 revisions].") Accordingly, when section 101.106(e) applies, an individual employee is "entitled to dismissal of [a] suit against him upon the [governmental unit's] filing of a motion." *Id.* at *5.

Here, Wheeler sued both the City and the individual Appellants. Thus, the individual Appellants were "entitled to dismissal of [Wheeler's] suit against [them] upon the [City's] filing of a [section 101.106(e)] motion." *Id.*

**CONCLUSION**

Because Wheeler's declaratory judgment claim against the City merely recasts the intentional tort claims from which the City retains immunity from suit, the trial court lacked jurisdiction and erred in denying the City's plea. Moreover, by electing to sue both the City and the individual Appellants, Wheeler's claims against the individual Appellants were subject to section 101.106(e), which required the trial court to immediately dismiss the individual Appellants from this suit upon the filing of the City's plea to the jurisdiction. Because our holdings as to these issues are dispositive of this appeal, we need not address the individual Appellants' contention that they were entitled to summary judgment based on official immunity. *See* TEX. R. APP. P. 47.1 (encouraging concise opinions addressing only those issues "necessary to final disposition of the appeal").

For these reasons, we reverse the judgment of the trial court and render judgment dismissing Wheeler's claims for lack of jurisdiction.

Rebecca Simmons, Justice