Opinion filed August 21, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed August 21,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00187-CV 

                                                    __________

 

                    LAW OFFICES OF MILLER & BICKLEIN, Appellant

 

                                                             V.

 

                             DEEP
EAST TEXAS SELF-INSURANCE FUND AND 

                                   RISK
MANAGEMENT SERVICES, Appellees

 



 

                                          On
Appeal from the 70th District Court

                                                           Ector
County, Texas

                                                Trial
Court Cause No. A-118,250

 



 

                                              M
E M O R A N D U M   O P I N I O N

 








The
Law Offices of Miller & Bicklein sued Deep East Texas Self-Insurance Fund
and Risk Management Services after the parties failed to agree upon the amount
of attorney=s fees
owed to Miller & Bicklein pursuant to Tex.
Lab. Code Ann. '
417.003 (Vernon 2006).  Miller & Bicklein had essentially represented the
interests of Deep East and Risk Management in a third-party action  that
resulted in Deep East and Risk Management=s
recovery of a subrogation interest for workers=
compensation benefits that had been paid to Miller & Bicklein=s client.[1] 
In addition to a claim for attorney=s
fees under Section 417.003, Miller & Bicklein asserted a cause of action
under former Tex. Ins. Code art.
21.21, ' 4 (2001)[2]
for unfair insurance practices, a cause of action under the Deceptive Trade
Practices-Consumer Protection Act,[3] a claim for
treble damages, and a claim for additional attorney=s fees with respect to this suit.  The trial
court entered two orders disposing of the issues in this suit:  (1) an order
awarding Miller & Bicklein $2,583.43 under Section 417.003 and (2) an order
granting Deep East and Risk Management=s
motion for summary judgment and entering a take-nothing summary judgment
against Miller & Bicklein.[4]  Miller &
Bicklein filed this appeal.  We affirm.  

                                                                         Issues

Miller
& Bicklein presents two points of error for our review.  In the first
point, Miller & Bicklein argues that the trial court erred in entering the
summary judgment because the trial court had ruled that Miller & Bicklein
was entitled to fees under Section 417.003, thereby evidencing that a genuine
issue of fact existed as to the remaining causes of action.  In the second
point, Miller & Bicklein contends that the trial court erred in refusing to
award the additional attorney=s
fees that relate to the filing of this lawsuit.  

                                                              Summary
Judgment

A. 
Standard of Review.








In
their motion for summary judgment, Deep East and Risk Management asserted both
traditional and no-evidence grounds for summary judgment.  See Tex. R. Civ. P. 166a(c), (i).  Because
the trial court did not specify the grounds it relied upon in granting the
summary judgment, we will affirm the summary judgment Aif any of the theories advanced are
meritorious.@  State
Farm & Cas. Co. v. S.S. & G.W., 858 S.W.2d 374, 380 (Tex. 1993); Carr
v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989).  We find the no-evidence
grounds dispositive.  We review a no‑evidence summary judgment under the
same standard as a directed verdict.  King Ranch, Inc. v. Chapman, 118
S.W.3d 742, 750‑51 (Tex. 2003).  Accordingly, we examine the record in
the light most favorable to the nonmovant and disregard all contrary evidence
and inferences.  Id.; Wal‑Mart Stores, Inc. v. Rodriguez,
92 S.W.3d 502, 506 (Tex. 2002).  A trial court must grant a proper no-evidence
motion for summary judgment unless the nonmovant produces more than a scintilla
of probative evidence to raise a genuine issue of material fact.  Rule 166a(i);
Wal‑Mart, 92 S.W.3d at 506. 

B. 
DTPA.

With
respect to the DTPA cause of action, Deep East and Risk Management asserted
that there was no evidence that Miller & Bicklein was a consumer under the
DTPA.  Deep East and Risk Management also asserted that there was no evidence
that Deep East and Risk Management made any representation concerning the
quality of any goods or services; misrepresented the sponsorship, approval characteristics,
ingredients, uses, benefits, or quantities of goods or services; or represented
that an agreement conferred rights or involved rights, remedies, or obligations
that it did not or that were prohibited by law.  See Section
17.46(b)(2), (5), (12). 

Under
the DTPA, a Aconsumer@ may maintain an action for
damages for deceptive trade practices.  Section 17.50.  The DTPA provides that
a Aconsumer@ is Aan individual, partnership, corporation, this
state, or a subdivision or agency of this state who seeks or acquires by
purchase or lease, any goods or services.@ 
Section 17.45(4).  Miller & Bicklein responded by asserting that, because
Miller & Bicklein=s
client was a consumer, Miller & Bicklein was also a consumer because the
client had assigned a portion of his cause of action to Miller & Bicklein. 
In its brief, Miller & Bicklein refers to testimony adduced at the hearing
regarding entitlement to fees under Section 417.003.  This testimony, however,
was not summary judgment evidence.  See Rule 166a(c). 








Because
of the personal aspect of DTPA claims, an aggrieved consumer generally cannot
assign a DTPA claim.  PPG Indus., Inc. v. JMB/Houston Ctrs. Partners Ltd. P=ship, 146 S.W.3d 79,
91-92 (Tex. 2004).  The court in PPG specifically noted that its holding
did not prohibit an equitable assignment, such as a contingent-fee interest
assigned to a consumer=s
attorney.  Id. at 92.  Although Miller & Bicklein=s summary judgment evidence
included an affidavit made by the attorney that handled the underlying case,
nothing in the affidavit or in any other summary judgment evidence indicated
that the client had a DTPA claim against Deep East or Risk Management or that
the client had assigned a portion of any such claim to Miller & Bicklein. 
Thus, Miller & Bicklein failed to produce any summary judgment evidence
showing that it was a consumer for purposes of its DTPA claim. 

Furthermore,
Miller & Bicklein also failed to produce any summary judgment evidence
indicating that Deep East or Risk Management made any representation concerning
the quality of any goods or services; misrepresented the sponsorship, approval
characteristics, ingredients, uses, benefits, or quantities of any goods or
services; or represented that an agreement conferred rights or involved rights,
remedies, or obligations that it did not or that were prohibited by law.  The
summary judgment evidence presented by Miller & Bicklein included the
affidavit of the Miller & Bicklein attorney that represented the client in
the underlying suit and correspondence from counsel for Deep East and Risk
Management requesting immediate payment of the portion of the carrier=s lien that was not in
dispute.  Upon reviewing all the summary judgment evidence, we find no evidence
of any representation regarding goods, services, or an agreement.  

We
hold that the trial court did not err in granting summary judgment on the DTPA
cause of action. 

C. 
Insurance Practices.

With
respect to the cause of action for unfair insurance practices, Miller &
Bicklein responded to the motion for summary judgment by asserting that Deep
East and Risk Management acted in bad faith because they refused to negotiate
or pay attorney=s fees
pursuant to Section 417.003 even after admitting that they had no attorney
representing their interest.  Evidence of the refusal to negotiate or pay
attorney=s fees owed
under Section 417.003 did not constitute evidence that Deep East or Risk
Management made any misrepresentations; engaged in an unfair settlement
practice under former Article 21.21, section 4(10) Awith respect to a claim by an insured or
beneficiary@; or
otherwise violated former Article 21.21, section 4.  Summary judgment was
therefore also proper as to the cause of action for unfair insurance
practices.  








The
argument made by Miller & Bicklein in its brief B that the trial court erred in entering the
summary judgment because the trial court had ruled that Miller & Bicklein
was entitled to fees under Section 417.003, thereby evidencing that a genuine
issue of fact existed as to the remaining causes of action B is also without merit.  An
entitlement to fees under Section 417.003 does not create an issue of fact
regarding a DTPA claim or a claim for unfair insurance practices.  The first
point of error is overruled.  

                                                         Additional
Attorney=s Fees

In
the second point of error, Miller & Bicklein complains of the trial court=s refusal to award attorney=s fees.  In addition to the
attorney=s fees owed
pursuant to Section 417.003, Miller & Bicklein sought attorney=s fees for this suit
pursuant to the Declaratory Judgments Act, Tex.
Civ. Prac. & Rem. Code Ann. ch. 37 (Vernon 2008).  The trial court
awarded fees pursuant to Section 417.003 but refused to award any additional
attorney=s fees as a
matter of Apolicy.@

Parties
to a lawsuit Amay not
proceed alternatively under the Declaratory Judgments Act to recover their
attorney=s fees.@  Martin v. Amerman,
133 S.W.3d 262, 267 (Tex. 2004).  Miller & Bicklein did not seek
declaratory relief in the original petition; it sought damages under various
theories and attorney=s
fees.  The amended petition added a request for a declaration that it Ais entitled to attorneys
fees@ under the Labor
Code.  However, Miller & Bicklein=s
request for declaratory relief was merely incidental to its request for
damages.  A request for declaratory relief may not be coupled with a damages
action simply to pave the way to recover attorney=s
fees.  U.S. Bank, N.A. v. Prestige Ford Garland Ltd. P=ship, 170 S.W.3d 272,
278 (Tex. App.CDallas
2005, no pet.).  We hold that the trial court was correct in denying the
request for additional attorney=s
fees.

Moreover,
the award of attorney=s
fees in a declaratory judgment action is within the trial court=s discretion and is not
dependent on a finding that a party substantially prevailed; the trial court=s determination on this
issue will not be reversed on appeal absent a clear showing of abuse of
discretion.  Barshop v. Medina County Underground Water Conservation Dist.,
925 S.W.2d 618, 637‑38 (Tex. 1996); Oake v. Collin County, 692
S.W.2d 454, 455 (Tex. 1985).  We cannot hold that the trial court abused its
discretion.  The second point of error is overruled.  

                                                               This
Court=s Ruling

The
orders of the trial court are affirmed.  

 

 

August 21, 2008                                                                       TERRY
McCALL

Panel consists of:  Wright, C.J.,                                                 JUSTICE

McCall, J., and
Strange, J.









[1]See Tex. Lab. Code Ann. ' 417.001 (Vernon 2006). 





[2]The substance of repealed Article 21.21, section 4 is
currently located in Tex. Ins. Code Ann.
'' 541.051-.061 (Vernon Supp. 2007).





[3]Tex. Bus. & Com. Code Ann. '' 17.41-.63 (Vernon 2002 & Supp. 2007) (DTPA).





[4]Although this order states that Miller & Bicklein
shall take nothing Aby this suit,@ we
give effect to both orders B which were
signed on the same day B and presume that the take-nothing order applies to the
claims other than the claim under Section 417.003 that was disposed of in
the trial court=s other order.  Moreover, we note that Deep East and
Risk Management did not request a take-nothing summary judgment against Miller
& Bicklein on the cause of action asserted under Section 417.003 and, in
fact, stated in their motion that Miller & Bicklein=s sole remedy is provided by Section 417.003.