The CITY OF DALLAS, Appellant

v.

THE DALLAS MORNING
NEWS, LP, Appellee.

No. 05–09–00924–CV.

Court of Appeals of Texas,
Dallas.

Dec. 30, 2010.

Christopher J. Caso, Office of the City Attorney, Barbara E. Rosenberg, City of Dallas Attorney's Office, Thomas P. Perkins, Jr., Dallas City Attorney, James Pinson, Dallas, TX, for Appellant.

Paul C. Watler, Jackson Walker, L.L.P., Dallas, TX, for Appellee.

Before Justices MORRIS, BRIDGES, and LANG.

## OPINION

Opinion By Justice BRIDGES.

The City of Dallas appeals the trial court's denial of its plea to the jurisdiction. In three issues, the City argues the trial court erred in denying its plea to the jurisdiction for the News' mandamus claim, request for declaratory relief, and request for attorney's fees. We reverse the trial court's denial of the City's plea to the jurisdiction on the News' declaratory judgment action and render judgment dismissing the News' declaratory judgment action. In all other respects, we affirm the trial court's judgment.

In 2005, Dave Levinthal and Reese Dunklin, reporters for the News, sent the City separate requests, pursuant to the provisions of the Texas Public Information Act (the Act), for certain emails from City employees. In response to the City's request, the Attorney General issued opinions allowing and disallowing certain exceptions the City claimed under the Act.

The News filed suit, seeking a writ of mandamus requiring the release of the requested information. In an amended pleading, the News also sought a declaratory judgment. The parties eventually filed motions for summary judgment, and the trial court granted summary judgment in favor of the News, requiring the release of non-excepted information. The trial court also awarded attorney's fees to the News. On appeal, a panel of this Court concluded the News failed to meet its summary judgment burden and, therefore, declaratory relief and an award of attorney's fees based on the summary judgment were not appropriate.

On remand, the City filed pleas to the jurisdiction asserting the trial court lacked subject-matter jurisdiction because (1) the News did not request information under the Act and therefore lacked standing; (2) the News lacked standing to bring a declaratory judgment action; (3) declaratory relief was not available when the News had already asserted a claim for mandamus relief; and (4) governmental immunity was not waived for a request for declaratory judgment that did not challenge a governmental entity's legislative pronouncements under a municipal ordinance or franchise. In a subsequent plea to the jurisdiction, the City argued the News' claims were moot. The trial court denied the City's pleas to the jurisdiction, and this appeal followed.

In its first issue, the City argues the trial court erred in denying its plea to the jurisdiction on the News' mandamus claim. Specifically, the City argues it was Levinthal and Dunklin who made the 2005 requests for public information, not the News. Because the Act only authorizes the attorney general or a party requesting information under the act to file suit for a writ of mandamus compelling the release of public information, the City argues,

there is no requestor in this case to provide the court with subject-matter jurisdiction. *See* TEX. GOV'T CODE ANN. § 552.321 (West 2004).

 Whether a court has subject matter jurisdiction is a matter of law. *Tex. Dep't Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 227 (Tex.2004). Whether a pleader has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction is a question of law reviewed de novo. *Id.* When a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do. *Id.* at 227. If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder. *Id.* at 227–28. This standard generally mirrors that of a summary judgment under Texas Rule of Civil Procedure 166a(c). *Id.* at 228.

 A person requesting public information or the attorney general may file suit for a writ of mandamus compelling a governmental body to make information available for public inspection if the governmental body refuses to request an attorney general opinion or refuses to supply public information or information that the attorney general has determined is public. TEX. GOV'T CODE ANN. § 552.321 (West 2004). A newspaper, acting through its agents, is a "requestor" under section 552.321. *See The Baytown Sun v. City of Mont Belvieu,* 145 S.W.3d 268, 272 (Tex. App.-Houston [14th Dist.] 2004, no pet.).

The Levinthal request identified Levinthal as "Dallas City Hall Reporter" and gave his email address at dallasnews.com. The Dunklin request also gave a dallasnews.com email address and identified Dunklin as "staff writer The Dallas Morn-

ing News." The record contains affidavits of both Levinthal and Dunklin stating their requests under the Act were made for the sole purpose of executing their job duties and responsibilities for the News and for the express ownership, benefit, and use of the News. Thus, the record shows the News, acting through Levinthal and Dunklin, was the requestor of the information under the Act and therefore was authorized to file suit for a writ of mandamus compelling the release of the information. *See id.* We overrule the City's first issue.

In its second issue, the City argues the trial court erred in denying the City's plea to the jurisdiction for the News' request for declaratory relief. The Declaratory Judgment Act provides a means by which a party "may have determined any question of construction or validity arising under [a] statute . . . and obtain a declaration of rights, status, or other legal relations thereunder." TEX. CIV. PRAC. & REM.CODE ANN. § 37.004(a) (West 2008); *US Bank, N.A. v. Prestige Ford Garland,* 170 S.W.3d 272, 278 (Tex.App.-Dallas 2005, no pet.). It is "not available to settle disputes already pending before a court." *BHP Petroleum Co. v. Millard,* 800 S.W.2d 838, 841 (Tex.1990); *US Bank,* 170 S.W.3d at 278. Ordinary declarative relief will not be granted where the cause of action has fully matured and invokes a present remedy at law. *US Bank,* 170 S.W.3d at 278. A declaratory judgment is improper if the relief requested is raised for the first time in an amended petition and merely addresses the same issues as were raised in the original petition. *Id.*

Here, the News' original petition sought a writ of mandamus requiring the City to release the requested emails and attorney's fees under the Act. In an amended petition, the News sought declaratory judgment that the emails were public information and there was no exception to their disclosure. Even assuming a declaratory judgment action is a proper means to seek a determination that the information sought in this case was public information, the News had no need for declaratory relief on the issue because it had already placed the issue before the trial court in its original petition for writ of mandamus. *See BHP Petroleum,* 800 S.W.2d at 841; *US Bank,* 170 S.W.3d at 278. Accordingly, the trial court erred in denying the City's plea to the jurisdiction on the News' declaratory judgment action. *See BHP Petroleum,* 800 S.W.2d at 841; *US Bank,* 170 S.W.3d at 278. We sustain the City's second issue.

In its third issue, the City argues that, because the News does not have a valid mandamus claim, the trial court erred in denying its plea to the jurisdiction on the News' request for attorney's fees. The Act provides the court shall assess costs of litigation and reasonable attorney's fees incurred by a plaintiff who substantially prevails in an action brought under section 552.321, authorizing a suit for writ of mandamus. TEX. GOV'T CODE ANN. § 552.323 (West Supp.2009). We have already determined the News was authorized to bring suit for a writ of mandamus under section 552.321. Accordingly, the trial court did not err in denying the City's plea to the jurisdiction on the News' request for attorney's fees. We overrule the City's third issue.

We reverse the trial court's denial of the City's plea to the jurisdiction on the News' declaratory judgment action and render judgment dismissing the News' declaratory judgment action. In all other respects, we affirm the trial court's judgment.